MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
**TRAMEL LAW GROUP LLC**
9480 S. Eastern Ave., Ste. 257
Las Vegas, NV 89123
Phone: (702) 233-2244
Fax: (702) 685-9412
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| DEBORAH BURNETT-PIRRONE, | ) |
| | ) Case No.: 2:15-cv-00713 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) **MOTION FOR REMAND** |
| INSURANCE COMPANY, an Illinois | ) |
| corporation; DOES I through X, and ROE | ) |
| CORPORATION I through X, inclusive, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Plaintiff, DEBORAH BURNETT-PIRRONE, by and through her attorney, MICHAELA E. TRAMEL, ESQ., of TRAMEL LAW GROUP LLC, and hereby moves this Court to remand this action to the State Court as diversity of jurisdiction does not exist pursuant to the terms of 28 USC § 1332 (a)(1).

/ / /

/ / /

/ / /

1

This Motion is pursuant to 28 USC § 1441 (c) and this Court's inherent powers. Said Motion is made and based upon the accompanying Memorandum of Points and Authorities, the pleadings and documents on file herein and any oral argument at hearing on the matter.

DATED this 5th day of May, 2015.

TRAMEL LAW GROUP LLC

By: _____
MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
9480 S. Eastern Avenue, Ste. 257
Las Vegas, NV 89123
*Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL AND PROCEDURAL OVERVIEW

On March 25, 2010 Plaintiff, Deborah Burnett-Pirrone (hereinafter "Plaintiff), was stopped for a red traffic signal on the I-215 Stephanie Street off-ramp in Henderson, Nevada. Jerry Kmiec was traveling directly behind Plaintiff and failed to stop and impacted Plaintiff's vehicle. On July 26, 2012, Mr. Kmiec's insurance carrier, Farmers Insurance Company, tendered a settlement amount of $99,999.99 to Plaintiff.[1]

Prior to the March 25, 2010 collision, Plaintiff purchased a policy of automobile insurance from Defendant State Farm (hereinafter "State Farm"), which included uninsured/underinsured ("UIM") limits of $50,000/$100,000.[2]

---
[1] See Acceptance of Offer of Judgment, attached as Exhibit "1."
[2] See Proof of Limits, attached as Exhibit "2."

2

On September 29, 2011, Plaintiff made a $50,000.00 UIM policy limits demand on State Farm, documenting past medical expenses in the amount of $35,854.67, emotional distress and anguish. On October 25, 2011, State Farm declined the UIM benefits to Plaintiff.[3]

Thus State Farm has taken the position that Plaintiff's UIM claim has a zero value after taking into consideration the $99,999.99 offset already received. As such, Plaintiff was forced to file a Complaint against State Farm.

Plaintiff filed her Complaint on March 12, 2015, in the Eighth Judicial District Court of the State of Nevada. Plaintiff's Complaint alleged: 1) Breach of Contract; 2) Violation of the Unfair Claims Practices Act; and 3) Breach of the Covenant of Good Faith and Fair Dealing. Plaintiff's claims for relief pray for general damages in excess of $10,000.00, special damages, punitive damages and attorney's fees and costs.

On April 22, 2015, State Farm electronically served its Statement of Removal. Within the Statement of Removal, Defendant asserted that the jurisdictional amount in the controversy exceeded $75,000.00 because 1) Plaintiff has made a claim for UIM Policy of $50,000/$100,000, and 2) the Plaintiff's claim for punitive damages.

## II.

## ARGUMENT

Under Section 1332 of the United States Code, the United States District Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is in between…citizens of different states."[4] Removal of an action over which the Court has diversity jurisdiction by 28 U.S.C. Section 1441 (a). Section 1441 (a) provides that "any civil action brought in a state court in which the District

---

[3] See letter from State Farm dated October 25, 2011 denying UIM claim, attached as Exhibit "3."
[4] 28 U.S.C. § 1332 (a)(1).

3

Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants to the District Court of the United States for the District and Division embracing the place where such action is pending."[5]  Section 1447 (c) provides "if at any time before final judgment it appears that the District lacks subject matter jurisdiction, the case shall be remanded."[6]

A Federal Court's removal jurisdiction is statutory and is to be strictly construed.[7] "Federal jurisdiction must be rejected if there is any doubts as to the right of removal in the first instance."[8] Where the amount in controversy is in doubt in diversity cases, "the Supreme Court has drawn sharp distinction between original jurisdiction and removal jurisdiction."[9] The Ninth Circuit Court of Appeal explained in *Gaus v. Miles*,[10] that in a suit originally brought in Federal Court, the amount in controversy requirement will be satisfied unless it appears that the Plaintiff's claim may be for less than the jurisdictional amount.[11]  However, in suits originally brought in State Court and then removed, there exists "a strong presumption" against removal jurisdiction such that the Defendant bears the burden of establishing that removal is proper.[12] Specifically, once the Defendant's allegations of jurisdictional facts are challenged by the Plaintiff or the Court, the Defendant has the burden of proving the facts to support jurisdiction, including the jurisdictional amount, if it is unclear what amount of damages the Plaintiff has sought.[13]  The Ninth Circuit held in *Gaus* that when it is unclear what amount of damages the Plaintiff has sought, "the removing Defendant bears the burden of proving by a preponderance of

---

[5] 28 U.S.C. § 1441 (a).
[6] 28 U.S.C. § 1447 (c).
[7] Ritchey v. UpJohn Co., 139 F.3d 1313, 1326 (9th Cir. 1998).
[8] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).
[9] *See Gaus*, 980 F.28 at 566; St. Paul Mercury Inem. Co. Red Cab, Co., 303 U.S. 282, 288-90 (1938).
[10] 980 F.2d 564 (9th Cir. 1998).
[11] *Id.* at 566.
[12] *Id.*
[13] *Id.* at 566-67.

evidence that the amount in controversy exceeds [$75,000.00]."[14] Moreover the Ninth Circuit has held that Defendants in cases such as this must prove by a preponderance of the evidence that the jurisdictional amount has been met; this means that it must be "more likely that not" that the amount in controversy exceeds $75,000.00.[15] The obvious purpose of requiring Defendant to offer its proof in its removal petition is to avoid the expense of the Court's time and the parties' time and money that is involved in the Motion practice associated with the likely and forthcoming Motion to Remand.

In this case, State Farm only insures Plaintiff for $50,000.00 and Plaintiff has $35,854.67 in medical specials. State Farm has not provided any evidence that a jury would award more than the amount of the policy at issue. Upon denying Plaintiff's $50,000.00 UIM policy limit demand, State Farm stated that the: "claim does not exceed the applicable offsets."[16] Now, State Farm has taken the incredible position that Plaintiff's UIM claim has a value in excess of $75,000.00 after the applicable offset. However as stated previously, State Farm has failed to proffer any evidence to support its contention that the value of this case exceeds $75,000.00. Accordingly, Plaintiff requests this case be remanded back to state court.

///

///

///

---

[14] Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).
[15] Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).
[16] Exhibit 3

5

### III.

### CONCLUSION

Therefore, Plaintiff respectfully moves for this case to be remanded back to state court for further proceedings.

DATED this 5th day of May, 2015.

                                                      **TRAMEL LAW GROUP LLC**

By: _____
MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
9480 S. Eastern Avenue, Ste. 257
Las Vegas, NV 89123
*Attorney for Plaintiff*

### AFFIDAVIT OF MICHAELA E. TRAMEL, ESQ.
### IN SUPPORT OF MOTION TO REMAND

STATE OF NEVADA      )
                     )ss.
COUNTY OF CLARK      )

I, MICHAELA E. TRAMEL, ESQ., being duly sworn, herby deposes and says:

1. I am an attorney duly licensed to practice before all Courts of this State and am a member of the law firm of TRAMEL LAW GROUP, LLC, attorney for Plaintiff, herein. I have personal knowledge of the following facts and if called upon could completely testify to such facts.

2. A true and correct copy of the Acceptance of Offer of Judgment is attached hereto as Exhibit "1."

3. A true and correct copy of the May 4, 2010 letter is attached hereto as Exhibit "2."

4. A true and correct copy of the October 25, 2011 letter is attached hereto as Exhibit "3."

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
MICHAELA E. TRAMEL, ESQ.

Subscribed and sworn to before me this 5th day of May, 2014

_____
NOTARY PUBLIC in and for said COUNTY and STATE

NICOLE GILENSON
Notary Public, State of Nevada
Appointment No. 05-95662-1
My Appt. Expires Apr 11, 2017

7

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I hereby certify that I am an employee of TRAMEL LAW GROUP LLC and that on the 5th day of May, 2015, I caused to be served via CM/ECF a true and correct copy of the document described herein.

**Document Served:**   Motion for Remand

**Person (s) Served:**

George M. Ranalli, Esq.
John William Kirk, Esq.
**RANALLI & ZANIEL, LLC**
2400 W. Horizon Ridge Parkway
Henderson, NV 89052
*Attorneys for Defendant*

_____
An employee of TRAMEL LAW GROUP LLC

# EXHIBIT 1

ACCP
RANDALL TINDALL
State Bar No. 006522
**DAVID L. RIDDLE & ASSOCIATES**
7455 Arroyo Crossing Parkway, Suite 200
Las Vegas, NV 89113
Phone: (702) 408-3800
BLO9L@yahoo.com
Attorney for Defendant

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DEBORAH BURNETT-PIRRONE, | CASE NO.  A-11-652359-C |
| Plaintiff | DEPT. NO.  XXVII |
| vs. | **ACCEPTANCE OF OFFER OF JUDGMENT** |
| JERRY I. KMIEC; DOES I through X, inclusive, | |
| Defendants. | |

Defendant gives notice he accepts Plaintiff's $99,999.99 offer of judgment.

DATED: July 16, 2012                          DAVID L. RIDDLE & ASSOCIATES

                                              BY: _____
                                              RANDALL TINDALL
                                              Attorney for Defendant

# EXHIBIT 2

# State Farm Insurance Companies



State Farm Insurance Companies
P.O. Box 22105
Tempe, AZ 85285-2105

FAX: 1-888-759-9032

May 4, 2010

Michaela Tramel
Tramel Law Group
400 No Stephanie St, Ste 210
Henderson, NV 89014

RE:  Claim Number    :  28-3389-321
     Date of Loss    :  March 25, 2010
     Our Insured     :  Deborah A Burnett-Pirrone
     Your Reference  :  Deborah Burnett-Pirrone

Dear Ms. Tramel:

Please allow this letter to acknowledge your representation of our insured. Ms. Burnett-Pirrone carried Medical Payments Coverage with $5,000.00 limits and Underinsured Motorist Coverage with 50/100 limits.

Enclosed is a brief explanation letter for Underinsured Motorist Coverage, along with an authorization form. Please help our insured comply with her contractual obligation by completing and returning the form to us with a list of medical providers.

Also, we still need initial injury and treatment information from your office, and your assistant has informed us that this information must come directly from you. Please contact us at your earliest opportunity. Your time and assistance is appreciated.

Sincerely,

*Angela Head*

Angela Head
Claim Representative
(800) 324-0704 ext. 23171

State Farm Mutual Automobile Insurance Company

# EXHIBIT 3

# State Farm Insurance Companies



State Farm Insurance Companies
P.O. Box 52280
Phoenix, AZ 85072

FAX: 1-888-759-9032

October 25, 2011

Tramel Law Group
400 No Stephanie St, Ste 210
Henderson, NV 89014

RE: Claim Number    : 28-3389-321
    Date of Loss    : March 25, 2010
    Our Insured     : Deborah A Burnett-Pirrone
    Your Reference  : Deborah A Burnett-Pirrone

Dear Mr. Tramel:

Please allow this letter to acknowledge the receipt of your Underinsured Motorist Coverage demand for our insured. Based on the current information available the value of Mrs. Burnett-Pirrone's claim does not exceed the applicable offsets.

I would like to obtain some additional information from doctors Rosler and Grover regarding Mrs. Burnett-Pirrone's complaints related to this loss versus degenerative changes, prognosis and potential future treatment. Please help Mrs. Burnett-Pirrone comply with her contractual obligation by completing and returning the medical authorization form to us, so we can request this additional information.

Thank you for your time and if you have any questions or concerns, please contact us at the number below.

Sincerely,

Lindsay Ainsworth
Claim Representative
(800) 324-0704 ext. 23171

State Farm Mutual Automobile Insurance Company

Enclosure(s): Med auth
              Fax only (702) 685-9412

HOME OFFICES: BLOOMINGTON, ILLINOIS 61710-0001